**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REESE P. HUGHES, | No. 09-35032 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00077-JPH |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
James P. Hutton, Magistrate Judge, Presiding

Submitted December 9, 2009[**]
Seattle, Washington

Before: BEEZER, GOULD, and TALLMAN, Circuit Judges.

Reese Hughes appeals the district court's judgment affirming the

Commissioner of Social Security's final decision to deny his application for

Disability Insurance Benefits and Supplemental Security Income under Titles II

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and XVI of the Social Security Act. Because the parties are familiar with the facts and procedural history of this case, we will discuss them only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the judgment of the district court.

We may set aside the Administrative Law Judge's ("ALJ") decision only when the decision is not supported by substantial evidence or is premised on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ found that, without Hughes's drug and alcohol abuse, Hughes retained the residual functional capacity ("RFC") to perform a modified range of light work. At step five, the ALJ determined that, while Hughes could not perform his past relevant work, he could perform other jobs existing in significant numbers in the national economy. Hughes argues that (1) the ALJ impermissibly rejected opinion testimony, (2) the hypothetical posed to the vocational expert failed to consider the totality of Hughes's limitations, and (3) substantial evidence does not support the ALJ's determination.

First, after finding Hughes not entirely credible, the ALJ properly rejected opinion testimony based on Hughes's own self-reports. Hughes did not challenge the ALJ's credibility finding in the district court, and therefore any challenge to that finding is waived on appeal. *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th

2

Cir. 2001). The ALJ also resolved inconsistencies between conflicting medical evidence within the record, and gave clear and legitimate reasons for discounting or rejecting controverted opinions. The ALJ is responsible for resolving conflicting or ambiguous testimony, *Thomas v. Barnhart*, 278 F.3d 947, 956–57 (9th Cir. 2002), and here she fully summarized all medical evidence presented and gave specific reasons for rejecting portions provided by some of Hughes's treating and examining physicians, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Second, the ALJ presented a proper hypothetical to the vocational expert based on her assessment of Hughes's functional limitations. Though Hughes argues for a different reading of the record, we find that the ALJ's interpretation of the evidence was rational and should be upheld. *Id.* at 1038 ("The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."). The hypothetical posed to the vocational expert included all limitations in the RFC determination.

Finally, the ALJ's findings are supported by substantial evidence. Reports by Dr. Bailey, Dr. Underwood, and Ms. Sjostrom indicated that Hughes suffered from depression, anxiety, and personality disorders, as well as substance abuse. Though these evaluations state that, without substance abuse, Hughes would

3

exhibit only mild limitations, the ALJ found that his psychological impairments would continue to be severe. While Dr. Platter's physical RFC assessment finds Hughes able to perform medium work, after considering Hughes's obesity and diabetes, the ALJ found him able to perform only light work. Both of these findings are more favorable to Hughes than that of the reporting physicians. Based on Hughes's RFC, education, work history, and age, along with the assistance of the vocational expert, the ALJ did not err in finding that Hughes could perform work existing in significant numbers in the national economy.

**AFFIRMED.**